**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: March 10 2016**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 08-34763 |
| | ) | |
| Dorrence C. Talbut and | ) | Chapter 7 |
| Patricia L. Talbut, | ) | |
| | ) | |
| Debtors. | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF DECISION AND ORDER DENYING MOTION TO SELL

This case came before the court for hearing on January 12, 2016, on the Chapter 7 Trustee's motion for authority to sell Debtor Dorrence Talbut's one-fourth interest in Cold Spring Farm, LLC, free and clear of any interest in such property pursuant to 11 U.S.C. § 363(b) and (f) ("Motion" or "Motion to Sell"), [Doc. # 78], and the objection filed by Dorrence Talbut ("Debtor"), in which Cold Spring Farm, LLC ["the LLC"], and the other members of the LLC ("Members") join, [Doc. # 79]. Debtor, Debtor's counsel and counsel for the Trustee attended the hearing in person. Having considered the briefs and arguments of counsel and having reviewed the record before the court,[1] for the reasons that follow, the Motion to Sell will be denied.

### PROCEDURAL AND FACTUAL BACKGROUND

Debtor owns a twenty-five percent interest in Cold Spring Farm, LLC, a Virginia limited liability company. [*See* Doc. # 61, Ex. 1; Doc. # 62, p. 11]. Debtor's membership interest is governed by an

---

[1] Earlier in this case, the Trustee filed a motion for authority to sell Debtor's membership interest in the LLC to which Debtor and the Members objected. The court denied the earlier motion without prejudice. However, documents filed and made part of the record in connection with that motion, such as the Operating Agreement and Articles of Organization, remain relevant in deciding the Motion to Sell now before the court.

operating agreement adopted on September 12, 2000 ("Operating Agreement"). [Doc. # 61, Ex. 2]. Section 8.01, "Assignment Generally," requires a member who wishes to sell his interest in the LLC to "first offer[] in writing to sell such interest to the Company." [Doc. # 61, Ex. 2, § 8.01]. That section further provides that "[t]he Company shall have the right to accept the offer at any time during the 30 days following the date on which the written offer is delivered to the Company." [*Id.*]. If it does not accept the offer within thirty days, the member's interest "may during the following 60 days be disposed of free of the restrictions imposed by [the] Operating Agreement; provided, however, that the purchase price for such interest shall not be less and the terms of purchase for such interest shall not be more favorable than the purchase price and terms of purchase that would have been applicable to the Company had the Company purchased the interest." [*Id.*]. If the member's interest is not disposed of within the sixty-day period, it remains subject to the terms of the Operating Agreement. [*Id.*].

Debtor and his wife filed a joint petition for relief under Chapter 7 of the Bankruptcy Code on September 10, 2008. Schedule B discloses the twenty-five percent membership interest in the LLC.[2] Debtor's bankruptcy schedules disclose no liens on that membership interest. On October 29, 2014, the Trustee filed his first Motion to Sell, seeking authority to sell Debtor's membership interest free and clear of all liens and interests pursuant to a stalking horse agreement entered into with Partnership Liquidity Investors, LLC, subject to overbids at a public auction. The stalking horse agreement is not in the record before the court. The Trustee also filed a motion to approve the overbid and auction procedures and a break-up fee in the event the membership interest is sold to someone other than the stalking horse buyer. The proposed sale procedures did not include compliance with § 8.01 of the Operating Agreement.

The court entered a Memorandum of Decision and Order denying the Trustee's earlier motion to sell without prejudice. [Doc. # 74]. Issues raised by the parties' briefs and at the hearings on the earlier motion required the court to determine not only that Debtor's membership interest was property of the bankruptcy estate but also what, if any, effect the enforcement under nonbankruptcy law of the Operating Agreement has on the Trustee's ability to sell Debtor's membership interest free and clear of any interests set forth in that document. The court found that § 8.01 was an enforceable provision of the Operating Agreement as it was not triggered by a member's insolvency, bankruptcy filing, or by the appointment of a trustee. [*Id.* at 6-7]. Because the evidentiary record did not show compliance with § 8.01, the court found that the

---

[2] Although on Schedule B, Debtors list "Cold Spring Farms LLC 1/4 interest in real estate in up state New York" as owned jointly by them, there is no dispute that the asset is a 1/4 interest in the LLC and that it is owned only by Debtor.

2

Trustee had not shown that applicable nonbankruptcy law permits the sale of Debtor's membership interest free and clear of the LLC's interest in enforcing the terms of the Operating Agreement.

## LAW AND ANALYSIS

In the Motion to Sell now before the court, the Trustee contends that Virginia statutory law would permit a free and clear sale of Debtor's membership interest, without complying with § 8.01 of the Operating Agreement. Alternatively, he seeks an order authorizing him to sell Debtor's membership interest free and clear upon notice being filed that he has complied with § 8.01 of the Operating Agreement.

Debtor opposes the Motion, arguing that it is substantively identical to the Trustee's earlier motion and that "the matter is res judicata." The court disagrees. The Trustee's Motion cites Virginia statutory law that was not addressed in his previous motion or in the court's order denying that motion as a basis for finding that applicable nonbankruptcy law would permit the sale of Debtor's membership interest. Moreover, the court's order states that the earlier motion was denied "without prejudice." [Doc. # 74, p.7]. It was not a final order. Application of either issue or claim preclusion principles requires entry of an earlier final order. *N.A.A.C.P. v. Detroit Police Officers Assoc.*, 821 F.2d 328, 330 (6th Cir.1987) (issue preclusion); *Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 123 (2006) (claim preclusion). Nevertheless, for the reasons discussed below, the Trustee's Motion will be denied.

A trustee may sell property under § 363(b) free and clear of any interest in such property of an entity other than the estate, only if

> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
> (2) such entity consents;
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
> (4) such interest is in bona fide dispute; or
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f). The Trustee relies on § 363(f)(1) and (f)(5) and argues that Virginia statutory law would permit the sale of Debtor's membership interest.

Virginia law defines "membership interest" in a limited liability company in economic terms: "a member's share of the profits and the losses of the limited liability company and the right to receive distributions of the limited liability company's assets." Va. Code Ann. § 13.1-1002. Although a member also has non-economic rights in a limited liability company pursuant to Virginia Code § 13.1-1022 and the

08-34763-maw    Doc 89    FILED 03/10/16    ENTERED 03/10/16 13:09:55    Page 3 of 6

operating agreement, *In re Virginia Broadband, LLC*, 498 B.R. 90, 94 (Bankr. W.D. Va. 2013), the Trustee seeks to sell only Debtor's economic interest in the LLC.

Under 11 U.S.C. § 544(a)(1), the Trustee has the "rights and powers" of a judicial lien creditor. The Trustee argues that, under Virginia Code § 13.1-1041.1, a judgment lien creditor would be entitled to obtain a lien on Debtor's economic interest in the LLC. And citing Title 8.01, Chapter 18 of the Virginia Statutes (Executions and Other Means of Recovery), he further argues that, "as with any lien," a judgment lien creditor could foreclose on that interest, notwithstanding any provision of the Operating Agreement to the contrary.

Section 13.1-1041.1 provides in relevant part as follows:

> A. On application by a judgment creditor of a member or of a member's assignee, a court having jurisdiction may charge the transferable interest of the judgment debtor to satisfy the judgment. To the extent so charged, the judgment creditor has only the right to receive any distribution or distributions to which the judgment debtor would otherwise have been entitled in respect of the interest.
>
> B. A charging order constitutes a lien on the judgment debtor's transferable interest in the limited liability.
> . . . .
> D. The entry of a charging order is the exclusive remedy by which a judgment creditor of a member or of a member's assignee may satisfy a judgment out of the judgment debtor's transferable interest in the limited liability company.

Va. Code Ann. § 13.1-1041.1. Under Virginia law, "[t]he only transferable interest of a member in the limited liability company is the member's share of the profits and losses of the limited liability company and the member's right to receive distributions." Va. Code Ann. § 13.1-1038. As the Trustee correctly asserts, the attributes of a "transferrable interest" mirrors the definition of a "membership interest" in § 13.1-1002. The court thus agrees that, under Virginia law, a judgment lien creditor could obtain a lien against Debtor's economic interest and that § 544(a) of the Bankruptcy Code confers upon the Trustee those same rights and powers. However, as discussed below, the Trustee has not shown that the Virginia statutes confer a right to foreclose on that interest such that nonbankruptcy law would permit the requested sale and the Members and the LLC could be compelled to accept a money satisfaction of their interest in enforcing the Operating Agreement.

The Trustee's reliance on Chapter 18 of Title 8.01 of the Virginia Statutes is misplaced. That chapter deals with levying on personal property pursuant to a writ of fieri facias issued by the clerk of the court in which a judgment for money was rendered. *See* Va. Code Ann. § 8.01-466. Under Title 8.01, a

lien commences against property "only from the time it is actually levied by the officer to whom it has been delivered to be executed," Va. Code Ann. § 8.01-478, and the property levied on "may be advertised and sold within a reasonable time thereafter," Va. Code Ann. § 8.01-479. With respect to property not capable of being levied on under §§ 8.01-478 and 8.01-479, the writ of fieri facias is a lien "from the time it is delivered to a sheriff or other officer. . . ." Va Code Ann. § 8.01-501. These provisions are in stark contrast to the statutory provisions addressing charging orders. Unlike a writ of fieri facias, which is not a lien until levied or delivered to a sheriff or other officer, the charging order itself constitutes a lien on the judgment debtor's transferrable interest in the limited liability company. Va. Code Ann. § 13.1-1041.1(B). The Trustee has failed to show that Title 8.01 has any application with respect to charging orders.

Section 13.1-1041.1 expressly states that entry of a charging order is the "exclusive remedy" by which a judgment creditor may extract value from a member's transferable interest in a limited liability company to satisfy its judgment. Va. Code Ann. § 13.1-1041.1(D). It further provides that "the judgment creditor has *only* the right to receive any distributions" that the member would have been entitled to with respect to his interest. Va. Code Ann. § 13.1-1041.1(A).

Perhaps most telling is the fact that the prior version of § 13.1-1041.1 before being amended in 2006 included language that "[t]he court may order a foreclosure of the interest subject to the charging order at any time." Va. Code Ann. § 13.1-1041.1(B) (2004). This language was deleted when the statute was amended. In applying state statutory law, a federal court must give the state statute "the meaning and effect attributed to it by the highest court of the state." *Burns Mortgage Co. v. Fried*, 292 U.S. 487, 494 (1934). The Trustee cites and the court has found no Virginia Supreme Court or lower Virginia court authority that interprets the amended version of § 13.1-1041.1. In the absence of controlling state case law, the federal court's role is to ascertain how the Virginia Supreme Court would rule if it were faced with the issue of whether obtaining a charging order under the amended version of the statute would permit a creditor to foreclose and sell a member's transferable interest. *See Meridian Mut. Ins. Co. v. Kellman,* 197 F.3d 1178, 1181 (6th Cir. 1999). The Virginia Supreme Court, in turn, directs that statutory interpretation requires a court "'to ascertain and give effect to the intention of the legislature,'" and "'that intention must be gathered from the words used, unless a literal construction would involve a manifest absurdity. Where the legislature has used words of a plain and definite import the courts cannot put upon them a construction which amounts to holding the legislature did not mean what it has actually expressed.'" *Caprio v. Commonwealth*, 254 Va. 507, 511-12, 493 S.E.2d 371, 374 (1997) (quoting *Barr v. Town & Country Properties,* 240 Va.

5

292, 295, 396 S.E.2d 672, 674 (1990)).

The language of § 13.1-1041.1 is plain and unambiguous and clearly manifests the legislature's intent that a charging order is the exclusive remedy by which a judgment creditor may satisfy his judgment out of the member's transferable interest in a limited liability company and that the charging order only gives the judgment creditor the right to receive distributions to which the member would have been entitled. It does not provide a creditor with the right to foreclose on and sell the member's transferable interest. Likewise the court predicts that this is how the Virginia Supreme Court would rule on the issue of whether obtaining a charging order under the amended version of the statute would permit a creditor to foreclose on and force a sale of an LLC member's transferable interest.

Alternatively, the Trustee seeks an order authorizing him to sell Debtor's membership interest upon notice being filed that he has complied with the terms set forth in § 8.01 of the Operating Agreement, which requires, among other things, that he first offer in writing to sell Debtor's membership interest to the LLC and that, if the LLC does not accept the offer and the Trustee sells the interest as provided in § 8.01, the purchase price may not be for less and the terms of the purchase may not be more favorable than the purchase price and terms of purchase that would have been applicable to the LLC had it purchased the interest. However, the court finds that addressing the Trustee's compliance with the Operating Agreement and, thus, his authority to sell Debtor's membership interest, is more appropriately addressed in a separate motion to approve sale procedures, which must include a procedure for complying with § 8.01 of the Operating Agreement.

**THEREFORE,** for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that the second Motion to Sell [Doc. # 78] be, and hereby is, **DENIED without prejudice.**

###